## WAHL vs. THE CITY OF MILWAUKEE.

### *Contract construed.*

1. In alleged pursuance of an ordinance of the defendant city, the city comptroller entered into a contract with the plaintiff's assignors, by which the latter agreed to permit all butchers of the city to use their slaughter-house for five years " without charge," but said assignors were to have " all customary offal from the slaughtering and dressing of animals," etc.   By a further clause (which the complaint alleges plaintiff's assignors " caused to be inserted in said contract for their protection, and of which they might avail themselves at their option "), it was agreed " that in the event of the repeal of said ordinance, or if for any other cause the same should become inoperative and void, or if said city should fail to enforce said ordinance with reasonable diligence, then this agreement to be null and void."   Soon after, the city council enacted " An ordinance in addition to and to modify some of the provisions of " the former; by which the city butchers were authorized to have their slaughtering done at other specified establishments, and all conflicting parts of the first ordinance were repealed. The complaint avers damages to plaintiff from " the wrongful act of defendant in passing " said second ordinance, and in refusing thereafter to enforce the first ordinance; and demands judgment therefor.   *Held*, on demurrer, that the repeal of the first ordinance being provided for in the contract, the complaint did not show any cause of action.
2. The authority given the comptroller was, to procure from plaintiff's assignors, in the name of the city, " the privilege and right of all city butchers to use their slaughter-house for the slaughtering of animals thereat *free of charge to such butchers.*"   *Held*, that he had no authority to contract that they should have the offal of the animals so slaughtered at their establishment.

APPEAL from the Circuit Court for *Milwaukee* County. On the 8th of May, 1866, the common council of the city of Milwaukee passed "An ordinance to establish a city slaughter-house, and to regulate the management of slaughter-houses and packing-houses" in said city. The first section directed the city comptroller to procure from W. G. Benedict & Co., in behalf of the city, "the privilege and right of all butchers to use the slaughter-house of said firm * * for the slaughtering of animals thereat free of charge to such butchers;" and said slaughter-house was thereby "designated and set apart as the city slaughter-house," and the keeping of any other slaughter-house or yard within said city (with certain specified exceptions), was forbidden under penalty. On the 10th of the same month, the comptroller entered into a written contract with W. G. Benedict & Co. (which firm consisted of said Benedict and the present plaintiff), whereby said firm agreed to "grant and permit to all butchers of the city of Milwaukee, the right to use" their slaughter and packing-house for the purpose of slaughtering and dressing animals, for five years, at an annual rent of one dollar per year. The contract further provides, that no charge shall be made by Benedict & Co. to any butcher for the privilege of butchering upon said premises; but that said Benedict & Co. "shall be entitled to have and retain all customary offal from the slaughtering and dressing of animals, and all offal shall be left on said premises by every person butchering thereat." A provision is then added, as follows: "It is understood and agreed, that, in the event of the repeal of said ordinance, or if for any other cause the same should become inoperative and void, or if said city should fail to enforce said ordinance with reasonable diligence, then this agreement to be null and void." On the 25th of June following, the common council passed an ordinance, which provides that "butchers, or other persons doing business in the city of Milwaukee in slaughtering animals for retail or other trade,

are hereby authorized to make contracts or arrangements with the proprietors of any of the slaughter-houses and packing establishments located in the Menominee river valley, or at the mouth of the Milwaukee river in this city, for the privilege of slaughtering therein beef cattle," during five specified months of each year; and the slaughter of such animals at any other place within the city limits during said months is prohibited. By section 2, " persons doing a retail meat market business " in said city are authorized to slaughter calves, swine, sheep, and other small animals, at all seasons of the year, on their own premises, provided that they should keep such premises in a clean condition, etc. Section 3 repeals so much of the first mentioned ordinance as may conflict with this.

The complaint in this action (in which plaintiff sues as assignee of Benedict & Co.) sets up said ordinances and the contract entered into with Benedict & Co., as above stated, and alleges that the above recited clause in said contract in regard to the repeal of the ordinance of May 8th, was inserted for the protection of said Benedict & Co., and as one " of which they might avail themselves at their option." It then avers that Benedict & Co., for the purpose of fulfilling said contract on their part, and relying upon the contract and ordinance, expended, prior to June 25, 1866, $3,000 in erecting buildings and placing therein a steam-engine, boilers, pumps, cauldrons and kettles, and in digging a well and providing other facilities for slaughtering, etc., etc.; that the butchers of said city did thereafter, and until the passage of the ordinance of June 25th, generally slaughter on the premises of said firm, and leave the offal of animals there slaughtered, which offal was of the value of more than $2,000 per year; that the ordinance of June 25th was passed without any default made on the part of Benedict & Co., or any lawful cause whatever, and without their knowledge or consent; and that in consequence of its passage said firm had been deprived of said offal, to their dam

Wahl. vs. The City of Milwaukee.

age, etc. It is further alleged, that, since the passage of the ordinance of June 25th, defendant has admitted the legal validity of said contract by paying plaintiff the sum of one dollar a year rent for the second year, but has neglected and refused to enforce the first mentioned ordinance, or to pay plaintiff the damages resulting from the enactment of the second ordinance.

A demurrer to the complaint, as not stating a cause of action, was sustained; and plaintiff appealed.

*Peter Yates*, for appellant, argued that a reasonable inter-pretation of the contract made it void upon default of the city, only at the option of Benedict & Co. A contrary inter-pretation would allow the wrong-doer to take advantage of his own wrong. 2 Cow. 786; *Canfield v. Westcott*, 5 id. 270, and note to that case. The ordinance under which the contract was made was valid. *City of Milwaukee v. Gross*, 21 Wis. 241.

*D. G. Hooker*, for respondent.

DIXON, C. J. There can be no recovery upon the facts stated in the complaint; and the demurrer was properly sustained. The contract expressly provided for the contingency which happened, namely, the repeal of the ordinance and the consequent disuse of the slaughter-house. It was in these words: "It is understood and agreed that, in the event of the repeal of said ordinance, or if for any other cause the same should become inoperative and void, or if said city should fail to enforce said ordinance with reasonable diligence, then this agreement to be null and void." The ordinance was repealed; and that put an end to this contract, so far as any cause of action arising out of such repeal is concerned.

Another sufficient ground for sustaining the demurrer is, that the comptroller exceeded his authority in contracting that the offal should be left on the premises for the use of the owners

of the slaughter-house. The damages claimed by the plaintiff arise from the loss of the offal; and, as the comptroller had no power to contract with regard to it, and to bind the city, it follows that the plaintiff has no cause of action against the city.

*By the Court.* — Order affirmed.